Joe Bell, by his Guardian and Father, Timothy Bell et al., Petitioners v. Honorable Richard Thornburgh, Governor of the Commonwealth of Pennsylvania et al., Respondents.

Argued September 9, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*Richard Kirschner*, with him *Jonathan Walters* and *Theodore M. Lieverman, Kirschner, Walters & Willig*, for petitioners.

*Jonathon Vipond, III*, Chief Counsel, with him *John G. Knorr, III*, Deputy Attorney General, *Allen C. Warshaw*, Deputy Attorney General, Chief, Civil

Litigation, *Howard Ulan,* Assistant Attorney General, and *Harvey Bartle, III,* Acting Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, November 21, 1980:

This is an equity action brought to our original jurisdiction by Council 13 of the American Federation of State, County and Municipal Employees, AFL-CIO, and patients confined to Retreat State Hospital on a voluntary commitment basis by their guardians ad litem. Joining them in the petition are the Luzerne County Commissioners, a Retreat State Hospital Trustee, and State legislators from Luzerne County seeking to prevent the Commonwealth of Pennsylvania from closing Retreat State Hospital, a state institution for the mentally ill located in Luzerne County.

After extensive hearings on petitioners' motion for special relief, an Order was entered on April 12, 1980, preliminarily enjoining the removal and transfer of Retreat's patients to other facilities. On May 19, 1980, that injunctive Order was amended to provide those procedural removal and transfer safeguards considered by the Court to be necessary to protect the health and welfare of Retreat residents and insure the continuation of quality medical care.

Ruling on an appeal from this preliminary injunction, our Supreme Court in *Bell v. Thornburgh,* Pa.    , 420 A.2d 443 (1980), concluded, in pertinent part, that the proposed transfer of Retreat patients to other facilities did not violate Section 207 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, as amended, 50 P.S. §7207, Article I, Section 1 of the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution since the patients could not "establish that transfer trauma is so substantial a danger as to justify the conclusion

that transfers deprive them of life or liberty." *See O'Bannon v. Town Court Nursing Center,* U.S. , 100 S.Ct. 2467, 2485 (1980), cited in *Bell v. Thornburgh, supra* at , 420 A.2d at 450.

On May 5, 1980, the Commonwealth filed preliminary objections to the petition for review raising demurrers averring petitioners' failure to state a cause of action together with questions of jurisdiction, standing and mootness. Argument was heard on September 9, 1980 by the Court en banc.

Although the procedural settings are somewhat different, we must be fully cognizant of the Supreme Court's opinion, not only for its intent and conclusions, but its compelling legal reasoning as to petitioners' failure to state a cause of action upon which relief can be granted. We have carefully and considerately reviewed the pleadings, briefs and oral arguments in light of this decision, and can reach no other conclusion than that the Commonwealth's preliminary objections must be sustained.

### ORDER

The Respondents' preliminary objections are sustained and the action is hereby dismissed.